### Aetna Life Insurance Co.
### v.
### Everhardt
*[Cite as 5 AOA 97]*

*Case No. CV-88-4030*
*Lucas County, (6th)*
*Decided July 13, 1990*

*Peter Casey and Stuart Goldberg, for Appellee.*

*Robert Scott, for Appellant.*

HANDWORK, P.J.

This appeal is taken from the July 27, 1989 judgment of the Lucas County Court of Common Pleas which granted the motion for summary judgment filed by appellee, Aetna Life Insurance Company, and denied the motion for summary. judgment filed by appellant, Marvin W. Everhardt.

Appellant asserts the following three assignments of error on appeal:

"I. THE TRIAL COURT ERRED IN GRANTING PLAINTIFF'S SUMMARY JUDGMENT MOTION FOR THE REASON THAT THE EVIDENCE PRESENTED CLEARLY ESTABLISHED ISSUES OF FACT UPON WHICH REASONABLE MINDS COULD DIFFER ON THE QUESTIONS OF PLAINTIFF'S CLAIMED OVERPAYMENT AND DEFENDANT'S OBLIGATION TO REPAY.

"II. THE AMOUNT OF JUDGMENT AWARDED BY THE TRIAL COURT WAS IN ERROR AS IT WAS UNSUPPORTED BY THE EVIDENCE.

"III. THE TRIAL COURT CLEARLY ABUSED ITS DISCRETION IN REFUSING TO PERMIT DEFENDANT THE OPPORTUNITY TO RESPOND TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."

On December 16, 1988, appellee brought suit against appellant to recover $15,144.67 for benefits paid to appellant under appellee's long-term disability plan. Appellee claimed that it was entitled to reimbursement for these benefits paid because appellant had received duplicate retroactive Social Security disability benefits. Appellee asserts that appellant was obligated under the plan to reimburse appellee for the duplicate benefits. Appellant filed for summary judgment on May 26, 1989 asserting that the case should be dismissed on grounds of equity, latches, and promissory estoppel.

On June 13, 1989, appellee filed a motion requesting an extension until July 12, 1989, in which to file its motion for summary judgment and a memorandum in opposition to appellant's motion for summary judgment. Appellee's response had been due June 9, 1989. The extension was sought because appellee needed more time to secure necessary documents and affidavits. The court granted appellee's motion for an extension. Appellee filed its motion for summary judgment on July 11, 1989.

On July 25, 1989, the day appellant's brief in opposition to appellee's motion for summary judgment was due, appellant sought a fourteen-day extension on the grounds of the "press of court business of counsel as well as the nature of the issues involved." The court denied the request for an extension on the same day.[1]

That same day, the court filed its judgment entry granting appellee's motion for summary judgment and denying appellant's motion for summary judgment. Although the entry was filed July 25, 1989, it was dated July 19, 1989.

Appellant's third assignment of error is dispositive of this appeal and, therefore, will be addressed first. Appellant argues therein that the trial court abused its discretion by denying appellant's request for an extension of time within which to file his memorandum in opposition to appellee's motion for summary judgment. Pursuant to Common Pleas Rule 14, a memorandum in opposition must be filed within fourteen days after a motion is filed by the opposing party. Civ. R. 6(B) provides that the trial court, at its discretion, may extend the time for filing such a response for good cause shown.

On appeal, we will not overturn the lower court's decision absent a showing of an abuse of that discretion. *Miller v. Lint* (1980), 62 Ohio St. 2d 209, 213-214. Abuse of discretion is demonstrated where the court's decision is "unreasonable, arbitrary, or unconscionable." *Calderon v. Sharkey* (1982), 70 Ohio St. 2d 218, 219-220.

In light of the fact that appellant has set forth sufficient reasons for seeking an extension; that the court's pre-determined trial schedule in this case was not interrupted; that appellee had been granted an extension to file its response pleading after the time for filing such response had expired; and that the court apparently decided the motions for summary judgment prior to the time by which appellant's response memorandum was due, we find that the trial court

abused its discretion by denying appellant's motion for an extension.

Wherefore, we find appellant's third assignment of error well-taken. Having found that the trial court prematurely ruled on the motions for summary judgment, appellee's first and second assignments of error are rendered moot.

Having found that substantial justice has not been done the party complaining, the judgment of the Lucas County Court of Common Pleas is reversed. Pursuant to App. R. 24, appellee is ordered to pay the court costs incurred in connection with this appeal.

*Judgment reversed.*

HANDWORK, P.J., GLASSER, J., ABOOD, J., concur.

———

[1] The court had issued a pre-trial order setting forth a litigation schedule and provided that all responses to motions were to be filed by October 13 1989.